# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LASERMASTER INTERNATIONAL INC.,** | Civil Action No. 15-7614 (CCC) |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **THE NETHERLANDS INSURANCE COMPANY,** | |
| Defendants. | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Defendant the Netherlands Insurance Company ("Defendant" or the "Netherlands") for leave to file an Amended Answer asserting three additional separate defenses [ECF No. 52-1]. Plaintiff Lasermaster International Inc. ("Plaintiff" or "Lasermaster") opposes Defendant's motion [ECF No. 58-1]. The Court fully reviewed the parties' written submissions and considers Defendant's motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's Motion to Amend is **DENIED**.

## I.  BACKGROUND

### A.  Factual Background and Procedural History

Because the Court's previous Opinion and Order in this matter lays forth the full background and procedural history of this case, the Court recites only the relevant facts pertaining to the present motion.[1] On October 20, 2015, Lasermaster filed its Complaint in this matter

---

[1] *See* Opinion and Order, ECF No. 50.

alleging, *inter alia*, that Defendant had constructively denied its insurance claim. *See* Compl. ¶ 25. In its Complaint, Lasermaster alleges breach of contract for business income loss (Count I), and breach of contract for business personal property (Count II). *See generally* Compl. After multiple extensions [ECF Nos. 5, 11], Defendant filed its answer on December 18, 2015. ECF No. 13. The Court then convened a case management conference on February 25, 2016.

In its original Pretrial Scheduling Order ("Scheduling Order"), the Court ordered that "[a]ny motion to amend the pleadings must be filed [no] later than **5/13/2016**." ECF No. 16 ¶ 15 (emphasis in original). On four occasions, at the parties' request, the Court amended deadlines in the Pretrial Scheduling Order *See* ECF Nos. 26, 28, 30, 34. While certain dates were amended based on the Court's Order, the Court did not modify the deadline for filing motions to amend pleadings and no request for such a modification was ever submitted by the parties.

On April 20, 2018, the Court filed its Opinion and Order denying Plaintiff's motion to amend its Complaint for failure to demonstrate "good cause." *See* ECF No. 50. Plaintiff's appealed the Order which is currently pending before the Honorable Claire C. Cecchi. ECF No. 55. On April 27, 2018, almost two years after the deadline to amend, Defendant filed the instant motion to amend its pleading. ECF No. 52. Plaintiff filed its response to the instant motion, [ECF No. 58-1], and Defendant filed its reply [ECF No. 61].

### A. The Parties' Arguments

Defendant seeks leave to file an Amended Answer pursuant to Federal Rule of Civil Procedure 15(a) and 16(b) to assert additional policy-based separate defenses. ECF No. 52-1. Defendant claims there is good cause to amend its pleading beyond the Court's deadline because there have been significant discovery developments that have refined Defendant's understanding of Plaintiff's case. *Id*. at 9. To this point, Defendant contends that Plaintiff's written discovery and

initial document production were inadequate. *Id.* at 10-11. Plaintiff supplemented its document production on November 3, 2017, and again on April 16, 2018. *Id.* at 11-12. According to Defendant, this additional discovery has "refined" its understanding of Plaintiff's claims.

Plaintiff responds with three points. First, Plaintiff argues that Defendant cannot establish good cause because Defendant failed to exercise reasonable diligence and act upon knowledge within its possession at an earlier time. ECF No. 58-1 at 10. Second, Plaintiff argues that it will be prejudiced because "Plaintiff would be forced to question witnesses on memories that are six to seven years out of date . . . ." *Id.* at 12. Finally, Plaintiff argues that the proposed amendment is futile because it fails as a matter of law. *Id.* at 15.

In its reply, Defendant explains that third-party Muir Lake's and Plaintiff's supplemental productions provide "crucial context on the nature of the loss of [Plaintiff's] business personal property claim . . . ." ECF No. 61 at 6. Defendant contends that "without this additional information, the items which comprise Lasermaster's business personal property claim have been difficult to understand." *Id.* Defendant further asserts that it has been diligent in seeking this additional information. As such, Defendant argues that the Court should find that good cause exists to grant its amendments.

## II. DISCUSSION

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Karlo v. Pittsburgh Glass Works, LLC*, 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011). Rule 15 states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the

Court amending its scheduling order." *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). In situations such as the present, where a party seeks to amend "after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id.* at *2; *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed).

### A. Rule 16 Standard

Federal Rule of Civil Procedure 16 authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. Oct. 19, 1990) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment)); *see also Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment); *see also Harrison*, 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.") The burden is on the moving party to show "good cause" for its failure to comply with

the applicable scheduling order, and accordingly, for the Court to allow its proposed amended pleading. *Prince v. Aiellos*, No. 09-5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting *Graham*, 271 F.R.D. at 118); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent-A-Ctr. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 702 (E.D.Pa. Aug. 8, 2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.")

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, Civ. No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark*, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed.") If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's

5

deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Dimensional Commc'n.*, 148 F. App'x at 85 (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

### B. Rule 16 Analysis

In this Court's estimation, Defendant has failed to demonstrate that it diligently pursued its proposed amendments and, thus, has not demonstrated "good cause" for the Court to amend its scheduling order. As an initial matter, the Court notes that Defendant's motion to amend is untimely because it was submitted almost two years after the period for amendment of pleadings expired. As previously noted, the Court amended deadlines in the Pretrial Scheduling Order on multiple occasions and not once did Defendant seek an extension of the time to file an amended pleading. Because this motion is untimely, Defendant has the burden to demonstrate that it acted diligently in presenting its additional policy-based separate defenses to the Court.

The Court finds that Defendant's argument in support of its claimed diligence is not persuasive. Defendant contends that "significant discovery developments" have necessitated the amendments it now seeks. ECF No. 52-1 at 9. To this point, Defendant argues that Plaintiff provided an additional 7,000 pages of documents in its supplemental production, *some* of which have never been produced. Defendant asserts that "[w]ithout this added information, the items which comprise Lasermaster's business personal property claim have been *difficult* to understand." ECF No. 31 at 6 (emphasis added). Given this qualification, the Court understands that Defendant's position is that it possessed *some* of the documents provided in Plaintiff's supplemental production and that it did have a *basic* understanding of the claims that it now seeks

to assert. Many courts have recognized that "[w]here . . . the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent." *Price v. Trans Union*, LLC, 737 F.Supp.2d 276, 280, 2010 WL 3310241, at *2–3 (E.D.Pa. Aug. 17, 2010). Based on Defendant's own declarations, it appears to the Court that Defendant was in possession of the basic facts needed to assert, or at least to promptly and carefully consider, its proposed amendments at the outset of the litigation and well before the instant motion was filed.

This conclusion is supported by the fact that Plaintiff provided 475 pages of documents in its initial production and another 3,850 pages in its supplemental production on November 3, 2017. ECF No 52-1 at 11. At least five months prior to Defendant filing the instant motion, it possessed a total of 4,325 documents which is more than half of the supplemental documents that Defendant alleges have "refined the Netherlands' theories of the case and necessitated the amendments it now seeks to make." *Id*. at 9. Consequently, Defendant had several months after Plaintiff's November production in which it could have raised the concern over the possibility of the amendment it now seeks. Defendant did not do so. Nor did Defendant raise any issues within the amendment deadline. Thus, the foregoing establishes that Defendant failed to demonstrate that it exercised due diligence in seeking the discovery it now claims to be essential to understanding the claims and defenses in this matter. Since Defendant has failed to demonstrate good cause, the Court finds that Rule 16 requires denial of the motion to amend.

### C. Rule 15

Because the Court has found that the amendments should be barred under Rule 16, the Court need not address the application of Rule 15.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 28th day of November, 2018,

**ORDERED** that Defendant's motion for leave to file an Amended Answer [ECF No. 52] is **DENIED.**

s/James B. Clark, III<br>
**HONORABLE JAMES B. CLARK, III**<br>
**UNITED STATES MAGISTRATE JUDGE**