## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LASERMASTER INTERNATIONAL
INC.

        Plaintiff,

    v.

THE NETHERLANDS INSURANCE
COMPANY

        Defendant.

**Civil Action No. 15-7614 (JXN) (JBC)**

**OPINION**

**NEALS**, District Judge:

  **THIS MATTER** comes before the Court upon two appeals from Magistrate Judge James B. Clark, III's opinions and orders on the parties' motions to amend. The first appeal [ECF No. 55] is an appeal of Judge Clark's Opinion and Order dated April 20, 2018 (the "April 20 Order") [ECF No. 50], denying Plaintiff Lasermaster International Inc.'s ("Plaintiff") Motion for Leave to Amend its Complaint [ECF No. 36]. The second appeal [ECF No. 71] is an appeal of Judge Clark's Opinion and Order dated November 28, 2018 (the "November 28 Order") [ECF No. 69] denying Defendant's the Netherlands Insurance Company's ("Defendant") Motion for Leave to Amend its Answer [ECF No. 52].

  The Court reviewed all submissions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons discussed herein, Judge Clark's opinions and orders are **AFFIRMED**.

## I.   BACKGROUND

The Court assumes the parties' familiarity with the factual background and procedural history in this matter and summarizes only those facts necessary to decide the instant appeal.[1]  This matter arises from a contract dispute between Plaintiff and Defendant for alleged losses that occurred during and as a result of Superstorm Sandy.  *See* Compl., ECF No. 1 ¶¶ 10-13.  On October 20, 2015, Plaintiff commenced this lawsuit, alleging two causes of action for breach of contract.  *Id.* ¶¶ 26-37.  Some months later, Judge Clark convened an initial case management conference to discuss the parties' proposed deadlines for discovery and amended pleadings. Following the conference, Judge Clark entered a Pretrial Scheduling Order ("Scheduling Order"), setting a May 13, 2016 deadline for any motions to amend.  *See* ECF No. 16 ¶ 15.

Over the next year, Judge Clark held six conferences with the parties.  Prior to those conferences, the parties submitted joint letters to Judge Clark advising him of the status of the case and on occasion requesting extensions to deadlines in the Scheduling Order.  *See* ECF Nos. 25, 27, 29, 33, 39.  At the parties' request, Judge Clark entered several orders amending various discovery deadlines.  *See* ECF Nos. 26, 28, 30, 34.  Although Judge Clark accommodated certain discovery deadline amendments, Judge Clark maintained the deadline to amend pleadings. Moreover, the parties submitted no requests for such a modification.

More than a year after the May 2016 amended pleading deadline, Plaintiff sought leave to amend its Complaint to add a cause of action for bad faith delay and denial of insurance payment. *See* Pl.'s Mot. to Amend, ECF No. 36.  Judge Clark denied Plaintiff's motion, finding that Plaintiff failed to establish good cause pursuant to Federal Rule of Civil Procedure 16(b)(4) and, in the

---

[1] For a fuller recitation of the facts and procedural history, please see Judge Clark's Opinion and Order at ECF Nos. 50 and 69.

alternative, the amendment would be futile under Federal Rule of Civil Procedure 15. *See* April 20 Order, ECF No. 50. Shortly thereafter, Plaintiff filed the instant appeal contending that Judge Clark "misapprehends" the nature of Plaintiff's claim and "fails to account for the facts relating to any delay" in filing its amended complaint. Pl.'s Br., ECF No. 55-1. The appeal is fully briefed and ripe for the Court to decide.

The following week—which was almost two years after the deadline to amend pleadings—Defendant sought leave to amend its Answer to assert "additional policy-based separate defenses." ECF No. 52-1; *see also* ECF No. 53-1 at 22-27. Judge Clark denied the motion, finding that Defendant failed to establish good cause to amend beyond the May 2016 deadline for amended pleadings. *See* November 28 Order, ECF No. 69. Defendant timely appealed Judge Clark's November 28 Order asserting, among other things, that Judge Clark "overlooked myriad facts supporting a finding of 'good cause.'" ECF No. 71. Defendant's appeal is fully briefed and ripe for the Court to decide.

## II.   DISCUSSION

### A.  Standard of Review

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). An

3

order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

## B.  Standard for Good Cause

There is no dispute that the parties' motions to amend are governed by the "good cause" standard pursuant to Rule 16(b)(4). Unlike the liberal standard under Rule 15(a)(2) "and its focus on the question of prejudice to the non-moving party, Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

"In assessing diligence, courts ask whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Smith v. Honeywell Intern. Inc.*, Civ. No. 10-3345, 2014 WL 301031, at *6 (D.N.J. Jan. 27, 2014) (internal quotation omitted). "Good cause" to amend a scheduling order may be found where "the movant learns of the facts supporting [an amendment] after expiration of the relevant filing deadline[.]" *In re: Paulsboro Derailment Cases*, Civ. No. 13-0784, 2015 WL 6163962, at *1 (D.N.J. Oct. 20, 2015). However, "courts regularly find that the standard is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it." *Roggio v. F.B.I.*, Civ. No. 08-4991, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011) (collecting cases). As the Third Circuit has stated, "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986);

4

accord *First Bank Puerto Rico v. Misite*, 813 F. App'x 758, 764 (3d Cir. 2020) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation[.]")).

## C. Legal Analysis

### i. *Plaintiff's Appeal*

Plaintiff asks this Court to reverse Judge Clark's April 20 Order because Judge Clark erred and abused his discretion. Pl.'s Br., ECF No. 55-1 at 7, 9. More specifically, Plaintiff asserts that Judge Clark misinterpreted its "bad faith processing" claim because he focused on bad faith denial rather than bad faith claims handling. *See* Pl.'s Reply Br., ECF No. 60. Plaintiff further contends that Judge Clark erred in concluding that Plaintiff failed to establish good cause to amend its pleading. *Id.* at 2.

With respect to Plaintiff's good cause contention, Judge Clark issued the following decision:

> [T]he Court finds that Lasermaster has not demonstrated good cause for allowing an amendment after the May 13, 2016 [deadline]. Even if Lasermaster first learned of its alleged bad faith claim after the March and June 2017 depositions as it asserts, Lasermaster was not diligent in seeking leave to file a motion to amend pleadings. Following the relevant depositions and before Lasermaster's present motion, the parties' submitted two joint letters to the Court [ECF Nos. 31, 33], deadlines in the Scheduling Order were amended twice [ECF Nos. 32, 34], and the Court held a telephone conference with the parties to address, *inter alia*, any issues the parties raised and proposed amendments to deadlines. Lasermaster's present motion was filed on September 12, 2017. *See* ECF No. 35. Thus, Lasermaster had several months in which it could have raised concerns over the possibility of the amendment it now seeks. Lasermaster did not do so. Nor did Lasermaster express any concerns to the Court during its August 29, 2017 telephone conference in which the undersigned addressed any issues the parties wanted to discuss. The good cause standard requires that the party seeking to amend the pleading be diligent. Where a party allegedly learns new information to add a claim, a diligent party should

5

request an extension of the deadline to amend pleadings, or at the very least, promptly raise the issue with the Court. Since Lasermaster did neither, the Court finds that Lasermaster did not act diligently.

April 20 Order, ECF No. 50 at 12.

Judge Clark's conclusion that Plaintiff failed to satisfy the good cause standard was neither clearly erroneous nor contrary to law. The Scheduling Order required any motion to amend the pleadings to be filed no later than May 13, 2016. Plaintiff filed its motion on September 12, 2017, more than a year after the deadline to amend had expired. Although Plaintiff contends that it first learned of its proposed claim after the deadline to amend pleadings, Judge Clark held that Plaintiff was not diligent in seeking leave to file its motion to amend. As Judge Clark explained, Plaintiff had several months in which it could have raised concerns over the possibility of moving to amend but failed to do so. Instead, Plaintiff sat on this information for months and did not promptly raise the issue with Judge Clark. Thus, Plaintiff's delay is detrimental to its proposed amendment. *See Cap. Health Sys., Inc. v. Veznedaroglu*, Civ. No. 15-8288, 2019 WL 6324006, at *8 (D.N.J. Nov. 26, 2019) (denying leave to amend where plaintiff obtained relevant evidence after the deadline to amend and "sat on the evidence for an inexplicable amount of time"); *Fermin v. Toyota Material Handling, U.S.A., Inc.*, 2012 WL 1393074, at *6 (D.N.J. Apr. 23, 2012) ("While information obtained after a deadline to amend can constitute good cause, that good cause does not extend indefinitely.").

Plaintiff also contends that Judge Clark's order was in clear error because the order "incorrectly states that at the time the action was initiated, Mr. Schwartz's investigation of Lasermaster's samples remained ongoing." *See* Pl.'s Br., ECF No. 55-1 at 6 (citing *see* ECF No. 50 at 3, 16). While Plaintiff's assertion may be correct, this determination has no effect on Judge's Clark's good cause finding. Accordingly, the Court finds that Judge Clark's decision to deny

Plaintiff's motion to amend was not clearly erroneous or contrary to law.  Judge Clark's April 20 Order is affirmed.[2]

### ii.   Defendant's Appeal

Defendant contends that Judge Clark's November 28 Order "overlooked myriad facts supporting a finding of 'good cause.'"  Def.'s Br., ECF No. 71-1 at 4.  Defendant avers that Plaintiff's claims in this litigation have constantly evolved and these developments have refined its understanding of the nature, use and function of the business personal property that is subject of the proposed amendments.  *Id.* at 5.  Defendant further contends that Judge Clark's November 28 Order overlooked its argument that Plaintiff will not be prejudiced by its proposed amendments. *Id.* at 9.

As an initial matter, Judge Clark did not overlook Defendant's argument regarding prejudice.  Because Judge Clark found that Defendant's proposed amendments were barred under Rule 16, Judge Clark declined to address the application of Rule 15.  November 28 Order, ECF No. 69 at 7.  Thus, Defendant's argument is unavailing.

With respect to Defendant's contention that Judge Clark overlooked myriad facts supporting a finding of good cause, it is clear from Judge Clark's November 28 Order that Judge Clark considered the very arguments regarding "good cause" and rejected them.  *See* November 28 Order, ECF No. 69 at 6-7.  Judge Clark determined that "Defendant was in possession of the basic facts needed to assert, or at least to promptly and carefully consider, its proposed amendments at the outset of the litigation and well before the instant motion was filed." *Id.* at 7.  Judge Clark explained that "Defendant had several months . . . in which it could have raised the

---

[2] Because the Court affirms Judge Clark's decision to deny Plaintiff's motion to amend for failure to establish good cause pursuant to Rule 16(b)(4), the Court need not address Plaintiff's contentions regarding Judge Clark's alternative ground to deny Plaintiff's motion pursuant to Rule 15.

concern over the possibility of the amendment it now seeks" but "Defendant failed to do so." *Id.* Judge Clark's finding that Defendant failed to establish good cause in seeking to add its proposed amendments provides ample support for the denial of Defendant's motion to amend. Accordingly, the Court finds that Judge Clark's decision to deny Defendant's motion to amend was not clearly erroneous or contrary to law. Judge Clark's November 28 Order is affirmed.

## III.   CONCLUSION

For the foregoing reasons, the appeals [ECF Nos. 55, 71] from the decision of the Magistrate Judge are **DENIED**, and the opinions and orders of the Magistrate Judge [ECF Nos. 50, 69] are **AFFIRMED**. An appropriate Form of Order accompanies this Opinion.


DATED: August 13, 2021

Julien Xavier Neals
United States District Judge